IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

───────────────────────────────────────

JAMES PETTUS,

                Plaintiff,

                                            Civ. Action No.
                                            5:09-CV-1080 (GTS/DEP)

    vs.

DAVID SPOKONY, Deputy Clerk,
1st Department,

                Defendants.

───────────────────────────────────────

APPEARANCES:                      OF COUNSEL:

FOR PLAINTIFF:

JAMES PETTUS, *pro se*
03-R-3597
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871

FOR DEFENDANT:

[NONE]

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

    Plaintiff James Pettus, a New York State prison inmate who is familiar to this court, having commenced more than eleven other actions

in this district since March of 2004, has commenced this action pursuant to 42 U.S.C. § 1983 against defendant David Spokony, who is identified as a deputy clerk with the New York Supreme Court, Appellate Division, First Judicial Department, alleging deprivation of his civil rights.[1]  Plaintiff's complaint, together with an accompanying application for leave to proceed *in forma pauperis* ("IFP") have been sent to me for my review.  Plaintiff's complaint and supporting materials, at times using language that is unnecessarily offensive, accuse the defendant of interfering with his access to the court by failing to process his appeal in a timely manner in violation of his constitutional rights.

Plaintiff's IFP application implicates 28 U.S.C. § 1915(g), which was enacted as part of sweeping inmate litigation reform brought about by adoption of the Prison Litigation Reform Act of 1996 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  Though engendering far less litigation than some of its PLRA counterparts including, notably, the exhaustion of remedies requirement of 42 U.S.C. § 1997e(a), section 1915(g) provides that

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding

---

[1] The documents annexed to plaintiff's complaint also suggest that he is a prodigious state court litigant.

> under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The manifest intent of Congress in enacting this "three strikes" provision was to curb prison inmate abuses and to deter the filing of multiple, frivolous civil rights suits by prison inmates. *Tafari v. Hues*, 473 F.3d 440, 443-44 (2d Cir. 2007); *Gill v. Pidlychak*, No. 9:02-CV-1460, 2006 WL 3751340, at *2 (N.D.N.Y. Dec. 19, 2006) (Scullin, S.J. & Treece, M.J.).

The prophylactic effect envisioned under section 1915(g) is accomplished by requiring a prisoner who has had three previous strikes to engage in the same cost-benefit analysis that other civil litigants must make before deciding whether to commence suit, accompanied by the filing of the full fee – that is, to assess whether the result to be achieved justifies the filing fee expenditure. *Tafari*, 473 F.3d at 444; *Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006). As the Second Circuit has noted, in the context of PLRA amendments requiring inmates to authorize prison officials to make deductions from inmate accounts to be

3

applied as partial payments of appellate filing fees for prisoners granted *in forma pauperis* status,

> [p]rior to the enactment of the *in forma pauperis* amendments, inmates suffered no economic disincentive to filing law suits.  Indeed, the very nature of incarceration – prisoners have substantial free time on their hands, their basic living expenses are paid by the state and they are provided free of charge the essential resources needed to file actions and appeals, such as paper, pens, envelopes and legal materials – has fostered a "'nothing to lose and everything to gain'" environment which allows inmates indiscriminately to file suit at taxpayers' expense.

*Nicholas v. Tucker,* 114 F.3d 17, 20 (2d Cir. 1997), *cert. denied sub nom.*, *Nicholas v. Miller*, 523 U.S. 1126, 118 S. Ct. 1812 (1998) (internal citations omitted); *see also Gill*, 2006 WL 3751340, at *2.

The question of whether the dismissal of a prior action qualifies as a strike, for purposes of section 1915(g), is a matter of statutory interpretation, and as such a question for the court.[2]  *Tafari*, 473 F.3d at 442-43.  In determining whether a dismissal satisfies the failure to state a

---

[2] The Second Circuit has expressed its view that the time for determination of "strikes" is only when the section 1915(g) issue is ripe for adjudication, and that because of the potentially significant consequences flowing from such a finding, a court should not, when dismissing an inmate complaint, contemporaneously signal whether the dismissal should count as a "strike" for the purposes of that section. *DeLeon v. Doe,* 361 F.3d 93, 95 (2d Cir. 2004); *see also Snider v. Melindez*, 199 F.3d 108, 115 (2d Cir. 1999) ("We . . . doubt whether the entry of a strike is properly considered at the time an action is dismissed").

claim prong of the statute, which is implicated in this case, courts have drawn upon the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure for guidance, particularly in light of the similarity in phrasing utilized in the two provisions. *Tafari*, 473 F.3d at 442 (citing *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005)).

This court has previously concluded, on at least two prior occasions, that three prior actions filed by Pettus have been dismissed under circumstances qualifying as strikes for purposes of section 1915(g). *See James Pettus v. Ronald Atkinson et al.,* No. 9:06-CV-1375 (FJS/DEP), Dkt. No. 10 (N.D.N.Y. June 24, 2007); *James Pettus v. C.O. Brown,* No. 9:06-CV-0152 (NAM/DRH), Dkt. No. 26 (June 19, 2007). One of those two cases was affirmed on appeal to the United States Court of Appeals for the Second Circuit. *See James Pettus v. C.O. Brown*, No. 08-3646-PR (2d Cir. Oct. 10, 2008). Accordingly, I find that for purposes of section 1915(g), Pettus has had three prior strikes.[3]

As a safety valve, obviously intended to protect a prison inmate

---

[3] From an initial review of plaintiff's complaint it appears that, in any event, it would not survive initial scrutiny under 28 U.S.C. § 1915(e)(2)(B). From the nature of the claims asserted it is likely that as a court employee performing a court function, the defendant would be entitled to judicial immunity from suit. *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997).

exposed to potential danger from the harsh consequences of his or her earlier folly, section 1915(g) provides that a prisoner who is in "imminent danger of serious physical injury" may avoid application of the three strikes rule of section 1915(g).  *See* 28 U.S.C. § 1915(g); *see also Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002).  In accordance with this exception, an inmate who has had three prior "strikes" but nonetheless wishes to commence a new action *in forma pauperis* must show that he or she was under imminent danger at the time of filing; the exception does not provide a basis to avoid application of the three strikes on the basis of past harm.  *Malik*, 293 F.3d at 562-63.  An inmate who claims the benefit of this exception must also show that the danger faced rises to the level of exposure to a "serious physical injury." 28 U.S.C. § 1915(g).  The imminent danger claimed by the inmate, moreover, must be real, and not merely speculative or hypothetical.  *Johnson v. Barney*, No. 04 Civ. 10204, 2005 WL 2173950, at *1-2 (S.D.N.Y. Sept. 6, 2005) (finding that inmate's allegation of danger at facility he was not housed at, but may pass through at infrequent occasions in the future, does not establish imminent danger).

     For a three-strikes litigant to qualify for the imminent danger

exception, his or her complaint "must reveal a nexus between the imminent danger it alleges and the claims it asserts . . . ." *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009). When determining whether the requisite relationship is present a court must examine "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury." *Id.* at 299 (emphasis in original).

The term "serious physical injury," as utilized in section 1915(g), is nowhere concretely defined, although it has been construed by various courts as including a "disease that could result in serious harm or even death[.]" *Ibrahim*, 463 F.3d at 7. In deciding whether to invoke the exception, a court must examine the available pleadings, construed in a light most favorable to the plaintiff, to determine whether the plaintiff has alleged a serious physical injury. *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002). Conditions which have been held to rise to a sufficient threshold level include denial of treatment for infected gums, resulting in damages of infection, *McAlphin*, 281 F.3d at 710; denial of adequate treatment for Hepatitis C, a "chronic and potentially fatal disease,"

7

*Ibrahim*, 463 F.3d at 6-7; and patterns of harassment from corrections officers, heart palpitations, chest pains and labored breathing, *Ciarpaglini v. Saini*, 352 F.3d 328, 330-31 (7th Cir. 2003) (finding upon reaching the merits, however, that plaintiff's complaint did not state an Eighth Amendment claim).

Careful review of plaintiff's complaint fails to reveal any allegations suggesting that he is subject to imminent physical danger and linking that danger to the matters set forth in his complaint. Accordingly, plaintiff does not qualify for the imminent physical danger safety valve exception to the three strikes provision.

Because plaintiff has had three prior strikes and cannot qualify for the limited exception under section 1915(g) for cases involving imminent physical danger;  it is hereby respectfully RECOMMENDED that:

1) Plaintiff's application for leave to proceed *in forma pauperis* be DENIED; and that

2) Plaintiff's complaint be DISMISSED in its entirety unless, within thirty days after the entry of a final order by District Judge Suddaby addressing this recommendation, plaintiff pays the full required filing fee of $350.00.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the clerk of the court within TEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is further ORDERED that the clerk of the court serve a copy of this report, and recommendation upon the plaintiff in accordance with this court's local rules.

Dated: October 8, 2009
Syracuse, New York

David E. Peebles
U.S. Magistrate Judge