UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES PETTUS,

              Plaintiff,

v.                                       5:09-CV-1080 (GTS/DEP)

DAVID SPOKONY, Deputy Clerk,
1st Department,

              Defendant.
_____

APPEARANCES:                                  OF COUNSEL:

JAMES PETTUS, 03-R-3597
  Plaintiff, *Pro Se*
Southpoint Correctional Facility
P.O. Box 2000
Pine City, New York 14871

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court in the above-captioned *pro se* prisoner civil rights action, filed by James Pettus ("Plaintiff"), are Plaintiff's motion to proceed *in forma pauperis* and a Report-Recommendation, filed by Magistrate Judge David E. Peebles on October 9, 2009, recommending that Plaintiff's motion be denied pursuant to the "three strikes" provision of the Prison Litigation Reform Act, 42 U.S.C. § 1915(g). (Dkt. Nos. 2, 4.) Plaintiff has not filed an Objection to the Report-Recommendation. For the reasons set forth below, Magistrate Judge Peebles' Report-Recommendation is accepted and adopted; Plaintiff's motion is denied; and Plaintiff's Complaint is conditionally dismissed unless, within thirty (30) days of the entry of this Decision and Order, Plaintiff pays the Court's filing fee of three hundred fifty dollars ($350.00).

## I.     STANDARD OF REVIEW

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1] When only general objections are made to a magistrate judge's report-recommendation (or the objecting party merely repeats the allegations of his pleading), the Court reviews for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[1]     On *de novo* review, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse discretion in denying plaintiff's request to present additional testimony where he "offered no justification for not offering the testimony at the hearing before the magistrate").

[2]     *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

**II.    DISCUSSION**

After carefully reviewing all of the papers herein, including Magistrate Judge Peebles' thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation.[3]  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein, and Plaintiff's motion to proceed *in forma pauperis* is denied.  Furthermore, Plaintiff's Complaint shall be dismissed without further Order of this Court, unless, within thirty (30) days of the entry of this Decision and Order, Plaintiff pays the Court's filing fee of three hundred fifty dollars ($350.00).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) shall be **DISMISSED** in its entirety without further Order of this Court unless, within **THIRTY (30) DAYS** of the entry of this Decision and Order, Plaintiff pays the Court's filing fee of three hundred fifty dollars ($350.00).

Dated:  November 9, 2009
            Syracuse, New York

*/s/ Glenn T. Suddaby*
Hon. Glenn T. Suddaby
U.S. District Judge

---

[3]    The Court notes that Magistrate Judge Peebles' Report-Recommendation would survive even a *de novo* review.